

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

MAR 7 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

1. THE ESTATE OF TAMICO NORTON, )
)
Plaintiff, )
)
vs. )    Case No. **14 CV - 106 JED - TLW**
)
)    (Formerly case No. CJ-2013-5455 in )
)    District Court of Tulsa County,
)         Oklahoma)
)
)
)
1. AVALON CORRECTIONAL )
SERVICES, INC., and )
2. TURLEY RESIDENTIAL CENTER, )
L.L.C., and )
3. ALICE JOHNSON, )

Defendants.

### PARTIAL ANSWER OF DEFENDANT ALICE JOHNSON

COME NOW the Defendant, Alice Johnson, ("Johnson"), by and through her counsel of record, the law firm of Gibbs, Armstrong, Borochoff, Mullican & Hart, and for her Partial Answer to Plaintiff's Petition filed in the District Court of Tulsa County, State of Oklahoma, state as follows:

All allegations set forth in Plaintiff's Petition not expressly admitted below are denied and strict proof thereof demanded.

**Parties, Jurisdiction and Venue**

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

2. To the extent that Paragraph 2 alleges that Tamico Norton was physically present at the Turley Residential Center at the time of her death, this allegation is denied. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

3. The allegations contained in Paragraph 3 are directed to another party. To the extent that any response from this Defendant is necessary, this Defendant believes that the Turley facility is operated by Turley Residential Center, L.L.C., and not by Avalon Correctional Services, Inc. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 3 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

4. The allegations contained in Paragraph 4 are directed to another party. To the extent that any response from this Defendant is necessary, this Defendant believes that the Turley facility is operated by Turley Residential Center, L.L.C. Defendant believes that the quoted advertising language contained in Paragraph 4 is from an Avalon Correctional Services, Inc., website. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 4 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

5. The allegations contained in Paragraph 5 are directed to other parties. To the extent that any response from this Defendant is necessary, Defendant denies the allegations of Paragraph 5 and strict proof thereof is demanded.

6. Defendant admits that she is the administrator of the Turley Residential Center. The remaining allegations of Paragraph 6 are denied and strict proof thereof is demanded.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

8. Defendant denies that the District Court of Tulsa County, State of Oklahoma, is the appropriate venue for this action and maintains that the United States District Court for the Northern District of Oklahoma has jurisdiction over the persons, the subject matter, and is the appropriate venue.

9. The allegations of Paragraph 9 are denied and strict proof thereof demanded.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

### Factual Allegations

11. The allegations of Paragraph 11 are denied and strict proof thereof demanded.

12. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

13. Defendant admits that Norton was transferred to Turley from an ODOC facility. Defendant is without sufficient information to admit or deny the allegations contained in

Paragraph 13 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

14. Defendant is without sufficient information to admit or deny the allegation contained in Paragraph 14 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

15. Defendant acknowledges that Norton began displaying aberrant behavior and at some point was yelling. Defendant denies that she or her staff accused Norton of using illicit drugs. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 of Plaintiff's Petition and therefore the allegations are denied and strict proof thereof demanded.

16. Defendant admits that some residents of the Turley facility had been discovered to be using an illicit synthetic drug known as "K2" which could result in a person displaying aberrant behavior. The remaining allegations contained in Paragraph 16 are denied and strict proof thereof demanded.

17. ODOC personnel were present in the facility at some time during the day. The remaining allegations contained in Paragraph 17 are denied and strict proof thereof demanded.

18. The chair described by Plaintiff as the "hot seat" is an ordinary chair that is located within the security office of the facility. It is sometimes used as a place for a client to wait, and security can be maintained, while drug testing is being conducted. The remaining allegations contained in Paragraph 18 are denied and strict proof thereof demanded.

19. It is admitted that Ms. Norton did not receive a drug test. The remaining allegations contained in Paragraph 19 of Plaintiff's Petition are denied and strict proof thereof demanded.

20. Defendant admits that Norton was displaying unusual behavior. Defendant denies the remaining allegations contained in Paragraph 20 and strict proof thereof demanded.

21. Defendant denies the allegations contained in Paragraph 21 and demands strict proof thereof.

22. Defendant admits that Turley staff did call for medical assistance. The remaining allegations of Paragraph 22 are denied and strict proof thereof demanded.

23. Defendant admits that Norton was transported by ambulance to a hospital. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 23 and therefore denies same and strict proof thereof demanded.

24. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 24 and therefore denies same and strict proof thereof demanded.

25. Defendant admits upon information and belief that Norton did not have illicit substances in her system. Defendant denies the remaining allegations contained in Paragraph 25 and demands strict proof thereof.

26. Defendant made an announcement concerning Norton's death to the client population. The remaining allegations contained in Paragraph 26 are denied and strict proof thereof demanded.

**Count I: Violation of Oklahoma Constitutional Rights**

27. Count I of Plaintiff's Petition is the subject of a pending Motion to Dismiss. Defendant refers Plaintiff to that Motion for response to Paragraph 27 of Plaintiff's Petition.

28. Count I of Plaintiff's Petition is the subject of a pending Motion to Dismiss. Defendant refers Plaintiff to that Motion for response to Paragraph 28 of Plaintiff's Petition.

29. Count I of Plaintiff's Petition is the subject of a pending Motion to Dismiss. Defendant refers Plaintiff to that Motion for response to Paragraph 29 of Plaintiff's Petition.

30. Count I of Plaintiff's Petition is the subject of a pending Motion to Dismiss. Defendant refers Plaintiff to that Motion for response to Paragraph 30 of Plaintiff's Petition.

### Count II – Violation of U.S. Constitutional Rights

31. Defendant denies the allegations contained in Paragraph 31 and demands strict proof thereof.

32. Defendant denies the allegations contained in Paragraph 32 and demands strict proof thereof.

33. Defendant denies the allegations contained in Paragraph 33 and demands strict proof thereof.

### Response to Plaintiff's Prayer for Relief

Defendant denies that Plaintiff is entitled to damages of any kind, be they compensatory, exemplary, or otherwise. Defendant denies that Plaintiff is entitled to a judgment for attorney fees and costs. Defendant denies that Plaintiff is entitled to any other relief.

### AFFIRMATIVE DEFENSES

1. Defendant denies that her conduct was negligent, outrageous, reckless, or wanton.

2. Defendant denies that she negligently hired, trained, and supervised any employees.

3. Defendant denies that any act or omission by her caused any injury or damage to Plaintiff.

4. Defendant denies that Plaintiff has proper standing to assert these claims.

5. Any allegations in Plaintiff's Petition asserted against this Defendant not expressly admitted is denied and strict proof thereof demanded.

6. Defendant specifically and generally denies that she was negligent.

7. Defendant denies that Plaintiffs is entitled to damages against Defendant as set forth in Plaintiff's Petition

8. Defendant denies that she breached any duty owed to Plaintiff.

9. Defendants complied with all applicable statues and ordinances.

10. Plaintiff's claim for exemplary damages is unwarranted, unsupported, is pled without any basis whatsoever and nevertheless violates Defendant's rights to procedural and substantive due process under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Oklahoma Constitution, as well as Defendant's constitutional right to equal protection of the laws.

11. Defendant is entitled to, and reserves the right to, file cross claims or third party complaints pending the completion of discovery in this matter or the final resolution of this matter.

12. Plaintiff's claims for actual and/or compensatory damages or any other damages are limited by the applicable state and federal statutes.

13. Plaintiff has failed to exhaust administrative remedies.

14. Plaintiff failed to conform with relevant policies and procedures and/or administrative regulations of Defendants and/or the State of Oklahoma.

15. Plaintiff's damages, if any, were due to the acts of third parties over whom this defendant had no control.

16. Plaintiff has named an improper party.

17. Plaintiff has waived her rights to her alleged causes of action against this defendant.

18. Defendant reserves the right to amend this Answer and affirmative defenses at the conclusion of discovery in this case.

19. Plaintiff has failed to state a claim for which relief may be granted.

20. Plaintiff's damages, if any, are the result of her own conduct.

21. Defendant asserts that Plaintiff's injuries, if any, resulted from natural conditions, infirmities, or other bodily conditions not caused by any negligence on the part of Defendant.

WHEREFORE, having fully answered, Defendant prays that Plaintiff take nothing by way of her Petition and that Defendant receive her costs, expenses, and attorney fees incurred in the defense of this action, together with all other relief the Court deems just and equitable.

Respectfully Submitted,

**GIBBS, ARMSTRONG, BOROCHOFF, MULLICAN & HART, P.C.**

/s Kevin S. Hoskins
601 South Boulder, Suite 500
Tulsa, Oklahoma 74119
918/587-3939
918/582-5504 *facsimile*

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

 I hereby certify that a full, true and correct copy of the above and foregoing document was mailed on the 7th day of March 2014, via the Court's electron filing system:

to the following counsel of record:

Anthony Allen
101 West Broadway
Muskogee, OK 74401

                */s Kevin S. Hoskins*
                Kevin S. Hoskins