**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE ESTATE OF TAMICO NORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-CV-106-JED-TLW |
| v. ) | |
| ) | |
| AVALON CORRECTIONAL SERVICES, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

In this case, the plaintiff asserts claims under 42 U.S.C. § 1983 against the defendants as a result of the death of Tamico Norton while she was an inmate at the Turley Residential Center, LLC (TRC), a halfway house, which is allegedly owned and operated by Avalon Correctional Services, Inc. (Avalon) and administered by defendant Alice Johnson (Johnson). The plaintiff alleges that, while at TRC, Ms. Norton became ill, fell down in a bathroom, and screamed out loud. TRC then accused Ms. Norton of using illicit drugs and placed her in the "hot seat," a chair at TRC where inmates are placed while awaiting drug test results. The hot seat is in view of other inmates and is apparently intended to display the person in the hot seat as a deterrent to other inmates. Ms. Norton was on the hot seat from noon until after 5:00 p.m., but she was not drug tested or provided any medical attention during that time. Her condition deteriorated, and she was showing obvious signs of medical distress, grasping at her throat and chest and sinking lower into the seat. Other inmates urged TRC staff to obtain medical attention for Ms. Norton, but TRC staff ignored those requests.

After Ms. Norton fell to the floor and "had blood coming from her face," TRC staff finally called for medical assistance. Ms. Norton was transported by ambulance to a hospital,

where she was pronounced brain dead, and artificial life support was subsequently discontinued. Plaintiff alleges that testing for illicit substances was negative. Instead of having used illicit drugs, Ms. Norton "had a medical condition that needed treatment," which TRC had denied her. In her original Petition, plaintiff initially asserted claims under § 1983 and Oklahoma law. The Court granted a dismissal motion by the defendants because, *inter alia*, plaintiff's allegations were "devoid of anything regarding a policy or custom on the part of Avalon or TRC." (Doc. 14 at 6). Plaintiff was given leave to amend its petition.

Plaintiff filed an Amended Petition (Doc. 15), which reasserted only the claims under § 1983. The amended pleading added allegations regarding TRC staff, policies, and lack of supervision of Johnson, at paragraphs 6, 27, 28, and 29. With respect to policy, plaintiff alleges that "use of the 'hot seat' and failure to test for drugs and/or administer appropriate medical attention became either the official policy at [TRC], or was so pervasive a practice that it was the facility's de facto policy. Johnson's employment, endorsement and enforcement of the 'hot seat' and related practices ensured that the practice became the policy, whether de facto or de jure, throughout the facility." (Doc. 15 at ¶ 28).

Defendant Johnson filed an Answer, and Avalon and TRC moved to dismiss plaintiff's amended pleading. The Court has reviewed all dismissal briefing (Doc. 16, 17, 19) and has examined the plaintiff's Amended Petition (Doc. 15). Although the new allegations are thin, they must be taken as true under the applicable dismissal standards. With those additions, plaintiff has stated plausible claims against Avalon and TRC. Whether plaintiff's claims will survive summary judgment will be determined at a later date, following discovery.

IT IS THEREFORE ORDERED that the motion of Avalon and TRC to dismiss the amended pleading (Doc. 16) is **denied**. In accordance with Fed. R. Civ. P. 12(a)(4), those

defendants shall file their Answers within 14 days of the filing of this Opinion and Order. The parties shall file a Joint Status Report on or before **April 29, 2016**.

SO ORDERED this 31st day of March, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

3